IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00460-MSK-MJW

DEEPTONE, INC., a Colorado corporation,

    Plaintiff,

v.

ANOVA BOOKS GROUP LIMITED; STERLING PUBLISHING CO., INC.; MARK ANTHONY; and CHRIS GOLDSBROUGH,

    Defendants

---

RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT MARK ANTHONY (DOCKET NO. 33)

---

This matter came on for hearing on October 22, 2007 to consider Plaintiff's Motion for Entry of Default Judgment Against Defendant Mark Anthony (docket no. 33). The Plaintiff was represented by counsel Stephen Collins. The Defendant Mark Anthony failed to appear for this hearing. The court has reviewed the motion and the attachments thereto. In addition, the court has considered the testimony and credibility of Francis Duhem and Plaintiff's exhibits 1 and 2 that were admitted into evidence during this hearing. Moreover, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusion of law and recommendation.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.   That Plaintiff's Motion for Default Judgment Against Mark Anthony (docket no 33) was referred to Magistrate Judge Michael J. Watanabe for recommendation by District Judge Marcia S. Krieger pursuant to an Order of Reference dated May 8, 2007 (docket no. 9).

2.   That on July 31, 2007, Mark Anthony ("Defendant Anthony") was served with a copy of the Summons and Complaint in this action.  *See* docket no. 27.

3.   That pursuant to the Fed.R.Civ.P. 12(a)(1)(A), Defendant Anthony's response to the Complaint was due on or before August 20, 2007.  Defendant Anthony has failed to answer or otherwise plead in response to the Complaint.

4.   That the Clerk of Court has entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against Defendant Mark Anthony on September 6, 2007 (docket no. 35).

5.   That venue in this action is proper pursuant to 28 U. S. C. §1391(b).  This Court has personal jurisdiction over Defendant Anthony because he has done business in Colorado and he is a party to the Settlement, Mutual Release and License Agreement in question (the "Agreement") (Plaintiff's Hearing Exhibit 2) that provides that any legal action involving that Agreement may only be brought in Denver County, Colorado or the United States District Court in Denver, Colorado.

6.     That each party has been given a fair and adequate opportunity to be heard on Plaintiff's Motion for Entry of Default Judgment Against Defendant Mark Anthony (docket no. 33).

7.     That Defendant Mark Anthony has failed to appear for this Fed. R. Civ. P. 55 hearing.

8.     That Plaintiff is the owner of the federally registered trademark "ONCE A WEEK", Federal Registration No. 2,241,545 (the "Mark") for use in connection with physical fitness instruction and distribution of course materials in the form of printed matter and videotapes.  *See* Plaintiff's Hearing Exhibit 1.

9.     That effective June 23, 2006, Plaintiff entered into a Settlement, Mutual Release and License Agreement with Defendant Anthony and others (the "Agreement").

10.    That as described in more detail in the Complaint in this action, Defendant Anthony is in breach of his obligations under the Agreement.

11.    That Paragraph 15 of the Agreement provides, in part, as follows:

> Except as otherwise detailed above, in the event a Licensee breaches any terms of this Agreement, Licensees hereby agree that [DeepTone] shall be permitted to request either (1) entry of Judgment as and against each violating Licensee and Licensees hereby agree to entry of such Judgment in the amount of Ten Thousand Dollars ($10,000) along with and in addition to DeepTone's reasonable attorneys' fees and costs for preparing, obtaining and collecting upon this Judgment; and this Judgment shall be liquidated damages that the parties agree is reasonable and not as a penalty or (2) may seek any and all recoverable damages caused by each violating Licensee, including and in addition to [DeepTone's] reasonable attorneys' fees and costs for preparing, obtaining and collecting upon any Judgment granted.  Licensees liability for a breach of this Agreement shall be several (specific to each individual Licensee), not

3

        joint and several; therefore, no Licensee shall be liable for a breach of this Agreement by another Licensee.

12. That pursuant to paragraph 15 of the Agreement, Plaintiff is entitled to recover from Defendant Anthony the amount of $10,000 in liquidated damages for his pre-termination breach of its obligations under the Agreement, together with all of Plaintiff's reasonable attorneys' fees and costs incurred in preparing, obtaining and collecting upon this judgment.

13. That in addition to breaching his obligations under the Agreement, Defendant Anthony has continued to wrongfully infringe upon Plaintiff's Mark since termination of the Agreement by, among other things, publishing and causing to be sold and distributed in the United States a book titled "Mark Anthony's Once a Week Workout".

14. That Defendant Anthony's use of the Mark in connection with his publication and distribution of the above-referenced book and otherwise improperly infringes upon and violates the rights of Plaintiff in the Mark.

15. That the Plaintiff has incurred reasonable and necessary attorney fees in the amount of $2,429.25 and costs in the amount of $1,142.78 in connection with Plaintiff's claims against Defendant Anthony in this lawsuit.

16. That Defendant Anthony is not an infant, nor an incompetent person, nor a person subject to military service, nor an officer or agency of the State of Colorado.

17. That there is no just reason to delay entering judgment against Defendant Anthony.

## RECOMMENDATION

WHEREFORE, based upon these findings of fact and conclusions of law, this court RECOMMENDS that Judgment shall be entered in favor of Plaintiff Deeptone, Inc., a Colorado corporation and against Defendant Mark Anthony as follows:

1. In the total amount of $13,572.03, representing $10,000.00 in liquidated damages, $1,142.78 in costs and $2,429.25 in attorneys' fees, which judgment shall accrue interest at the statutory rate of 8% per annum commencing March 7, 2007 and continuing until paid in full.

2. Defendant Mark Anthony, and his agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with or on behalf of Defendant Mark Anthony and each and all of them, hereby are permanently enjoined and restrained from directly or indirectly:

    a. Using the name or mark "ONCE A WEEK", or any other name or mark confusingly similar to "ONCE A WEEK", alone or in combination with other words, names, styles, titles, or Mark (hereinafter collectively referred to as "Using The Name or Mark") in connection with the advertising, promotion, distribution and/or sale of any goods or services.

    b. Holding themselves out as the owner of, or otherwise authorized to use, the name and mark "ONCE A WEEK" in connection with any goods or services.

    c. Performing any actions or using any words, names, styles, titles, or Mark which are likely to cause confusion, to cause mistake, or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant Mark

Anthony are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendant Mark Anthony or that Defendant Mark Anthony is in some way or manner affiliated or associated with, or under the supervision or control of Plaintiff, or vice versa, Defendant Mark Anthony's goods or services, including, but not limited to, the above-referenced book and related products are sold with Plaintiff's approval, consent, or authorization, or under the supervision of Plaintiff (or, conversely, that Plaintiff's goods and services are provided, sponsored, approved or licensed by, or otherwise are affiliated or legitimately connected with Defendant Mark Anthony).

      d.      Using any words, names, styles, titles, or Mark which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's name and mark "ONCE A WEEK."

      e.      Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining thereto.

      f.      Infringing in any way with Plaintiff's name and mark "ONCE A WEEK."

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)( c ) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, <u>United States v. Raddatz</u>, 447 U.S. 667, 676-**

**83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions, <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 23rd day of October, 2007.

BY THE COURT:

<u>s/ Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE