IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00460-MSK-MJW

DEEPTONE, INC., a Colorado corporation,

    Plaintiff,

v.

ANOVA BOOKS GROUP LIMITED; STERLING PUBLISHING CO., INC.; MARK ANTHONY; and CHRIS GOLDSBROUGH,

    Defendants

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
## DEFENDANT MARK ANTHONY (DOCKET NO. 77)

---

This matter having come before the Court on Plaintiff's Motion for Entry of Default Judgment Against Defendant Mark Anthony (docket no. 77). The court has reviewed the subject motion (docket no. 77) and has taken judicial notice of the court's file. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    1.    On July 31, 2007, Defendant Mark Anthony was served with a copy of the Summons and Complaint in this action.

    2.    Pursuant to the Fed.R.Civ.P. 12(a)(1)(A), Defendant Anthony's response to the Complaint was due on or before August 20, 2007. Defendant Anthony has failed

to answer or otherwise plead in response to the Complaint and a clerk's default was entered against Defendant Anthony on September 6, 2007 (docket no. 35).

3. Venue in this action is proper pursuant to 28 U.S.C. § 1391(b). This court has personal jurisdiction over Defendant Anthony because he has done business in Colorado and he is a party to the Settlement, Mutual Release and License Agreement in question ("Agreement") that provides that any legal action involving that Agreement may only be brought in Denver County, Colorado or the United States District Court in Denver, Colorado.

4. Plaintiff is the owner of the federally registered trademark A ONCE A WEEK Federal Registration No. 2,241,545 ("Mark") for use in connection with physical fitness instruction and distribution of course materials in the form of printed matter and videotapes.

5. Effective June 23, 2006, Plaintiff entered into a Settlement, Mutual Release and License Agreement with Defendant Anthony and others ("Agreement").

6. As described in more detail in the Complaint in this action, Defendant Anthony is in breach of his obligations under the Agreement.

7. Paragraph 15 of the Agreement provides, in part, as follows:

> Except as otherwise detailed above, in the event a Licensee breaches any terms of this Agreement, Licensees hereby agree that [DeepTone] shall be permitted to request either (1) entry of Judgment as and against each violating Licensee and Licensees hereby agree to entry of such Judgment in the amount of Ten Thousand Dollars ($10,000) along with and in addition to DeepTone's reasonable attorney fees and costs for preparing, obtaining and collecting upon this Judgment; and this Judgment shall be liquidated damages

> that the parties agree is reasonable and not as a penalty or (2) may seek any and all recoverable damages caused by each violating Licensee, including and in addition to [DeepTone's] reasonable attorney fees and costs for preparing, obtaining and collecting upon any Judgment granted. Licensees liability for a breach of this Agreement shall be several (specific to each individual Licensee), not joint and several; therefore, no Licensee shall be liable for a breach of this Agreement by another Licensee.

8. Pursuant to paragraph 15 of the Agreement, Plaintiff is entitled to recover from Defendant Anthony the amount of $10,000.00 in liquidated damages for his pre-termination breach of its obligations under the Agreement, together with all of Plaintiff's reasonable attorney fees and costs incurred in preparing, obtaining and collecting upon this judgment.

9. In addition to breaching his obligations under the Agreement, Defendant Anthony has continued to wrongfully infringe upon Plaintiff's Mark since termination of the Agreement by, among other things, publishing and causing to be sold and distributed in the United States a book titled A Mark Anthony's Once a Week Workout.

10. Defendant Anthony's use of the Mark in connection with his publication and distribution of the above-referenced book and otherwise improperly infringes upon and violates the rights of Plaintiff in the Mark.

11. Defendant Anthony is not an infant, nor an incompetent person, nor a person subject to military service, nor an officer or agency of the State of Colorado.

12. That in determining a reasonable award of attorney fees, the district court must calculate the "lodestar," which is the reasonable number of hours spent on the litigation multiplied by a reasonable rate. Further, the party requesting attorney fees

3

bears the burden of proving the amount of hours spent on the case and the appropriate hourly rate. See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998).

13. That the hourly rate and the hours spent by Plaintiff's counsel is fair, reasonable, and necessary as outlined in the affidavit of F. Stephen Collins, Esquire. That reasonable and necessary attorney fees in the amount of $2,429.25 and costs in the amount of $1,142.78 should be awarded to Plaintiff. See exhibit C attached to docket no. 77.

14. That pursuant to Fed. R. Civ. P. 54(b), it is appropriate to enter judgment and a permanent injunction against the Defendant Anthony finding no just reason for delay.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, it is hereby **RECOMMENDED** that Judgment shall be, and hereby is, entered in favor of Plaintiff Deeptone, Inc., a Colorado corporation and against Defendant Anthony as follows:

A. In the total amount of $13,572.03, representing $10,000.00 in liquidated damages, $1,142.78 in costs and $2,429.25 in attorney fees, which judgment shall accrue interest at the statutory rate of 8% per annum commencing October 9, 2008, and continuing until paid in full.

B. Defendant Anthony, and his agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with or on behalf of Defendant Anthony and each and all of them, hereby are permanently enjoined and restrained from directly or indirectly:

(1) Using the name or Mark A ONCE A WEEK, or any other name or mark confusingly similar to A ONCE A WEEK, alone or in combination with other words, names, styles, titles, or Mark (hereinafter collectively referred to as Using The Name or Mark) in connection with the advertising, promotion, distribution and/or sale of any goods or services;

(2) Holding themselves out as the owner of, or otherwise authorized to use, the name and Mark A ONCE A WEEK in connection with any goods or services;

(3) Performing any actions or using any words, names, styles, titles, or Mark which are likely to cause confusion, to cause mistake, or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant Anthony are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendant Anthony or that Defendant Anthony is in some way or manner affiliated or associated with, or under the supervision or control of Plaintiff, or vice versa, Defendant Anthony's goods or services, including, but not limited to, the above-referenced book and related

products are sold with Plaintiff's approval, consent, or authorization, or under the supervision of Plaintiff (or, conversely, that Plaintiff's goods and services are provided, sponsored, approved or licensed by, or otherwise are affiliated or legitimately connected with Defendant Anthony);

(4) Using any words, names, styles, titles, or Mark which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's name and Mark A ONCE A WEEK;

(5) Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining thereto; and,

(6) Infringing in any way with Plaintiff's name and Mark A ONCE A WEEK.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, <u>United States v. Raddatz</u>, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions, <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done and signed this 9th day of October, 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE